**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

JANE DOE 1, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, and JOHN DOE 8,

Plaintiffs,

v.

MAINE DEPARTMENT OF CORRECTIONS; MARTIN MAGNUSSON, Commissioner of the Maine Department of Corrections; MARY ANN SAAR, Associate Commissioner for Juvenile Services; LARS OLSEN, Superintendent, Maine Youth Center; ROBERT LANCASTER, Deputy Superintendent, Maine Youth Center; BARBARA HEATH, Psychologist, Maine Youth Center; MICHAEL MACK, Area Supervisor, Maine Youth Center; SCOTT DEWITT, Area Supervisor, Maine Youth Center; BRIAN MACDOUGALL, Area Supervisor; RALPH NICHOLS, Investigator, Maine Youth Center; STEVEN BUTTS, Investigator, Maine Youth Center; CARRIE JOHNSON, Training School Counselor, Maine Youth Center; BARRY LEMERY, Training School Counselor, Maine Youth Center; JOHN NAPOLITANO, Training School Counselor, Maine Youth Center; SCOTT LAMRY, Training School Counselor, Maine Youth Center; NORMA JEAN DUHAMEL, Training School Counselor, Maine Youth Center; PATRICIA L. POOLE, Training School Counselor, Maine Youth Center; JAMES MCDEVITT, Training School Counselor, Maine Youth Center; PAMELA CREAMER, Training School Counselor, Maine Youth Center; KENNETH FACTOR, Training School Counselor, Maine Youth Center; DANIEL THURLOW, Training School Counselor, Maine Youth Center; STEPHEN HASSON, Training School Counselor, Maine Youth Center; DAVID

CIVIL ACTION No. 2:26-cv-00256-LEW

CLOCK, Training School Counselor, Maine Youth Center; DANIEL KANE, Training School Counselor, Maine Youth Center; DANIEL DICKSON, Training School Counselor, Maine Youth Center; ADRIEN DUFRESNE, Training School Counselor, Maine Youth Center; DANIEL BOISOT, Training School Counselor, Maine Youth Center; ROY GUZMAN, Training School Counselor, Maine Youth Center; LEO ALBERT, Training School Counselor, Maine Youth Center; STEVEN ROGERS, Training School Counselor, Maine Youth Center; PETER MCDERMOTT, Training School Counselor, Maine Youth Center; EWA LEWANDOWSKA, Training School Counselor, Maine Youth Center; GARRET SMITH, Training School Counselor, Maine Youth Center; SEAN CLANCY, Training School Counselor, Maine Youth Center; MICHAEL WHELAN, Training School Counselor, Maine Youth Center; JEFFREY TARDIFF, Training School Counselor, Maine Youth Center; TIMOTHY FOUST, Training School Counselor, Maine Youth Center; JOHN COYNE, Training School Counselor, Maine Youth Center; CHRISTOPHER COYNE, Training School Counselor, Maine Youth Center; JAMES BELL, Training School Counselor, Maine Youth Center; FNU BELL, Training School Counselor, Maine Youth Center; LISA TILLY, Training School Counselor, Maine Youth Center; MATTHEW NEE, Training School Counselor, Maine Youth Center; FNU FARR, Training School Counselor, Maine Youth Center; FNU DARDELL, Training School Counselor, Maine Youth Center; FNU OWENS, Training School Counselor, Maine Youth Center; FNU MOREAU, Training School Counselor, Maine Youth Center; FNU DOTAY, Training School Counselor, Maine Youth Center; FNU TURNER, Training School Counselor, Maine Youth Center; FNU ALBERTSON, Training School Counselor, Maine Youth Center; FNU DREW, Training School Counselor, Maine Youth Center; LOUIS HANSON, Training School Counselor, Maine Youth Center; DAVID

FORD, Training School Counselor, Maine Youth Center; SHIRLEY ANTONOWICZ, Training School Counselor, Maine Youth Center; SCOTT RISKA, Training School Counselor, Maine Youth Center; FNU QUINN, Training School Counselor, Maine Youth Center; SCOTT JANOSIK, Training School Counselor, Maine Youth Center; FNU THOMAS, Training School Counselor, Maine Youth Center; and FNU NELSON, Training School Counselor, Maine Youth Center;

Defendants.

**PLAINTIFFS MOTION TO EXTEND TIME LIMIT FOR SERVICE**

NOW COMES the Plaintiffs, Jane Doe 1, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, and John Doe 8, by and through undersigned counsel, and respectfully requests an extension for the time limit to serve Defendants by 90 days. In support of their Motion, Plaintiffs state the following:

Under the Rules of Civil Procedure, if a Plaintiff demonstrates good cause for the failure to make service in the prescribed time, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or on motion made after the time has expired if the party filed to act because of excusable neglect); *Tuck v. City of Gardiner Police Dep't*, No. 1:18-cv-00212-JDL, 2019 U.S. Dist. LEXIS 125807, at *6 (D. Me. July 28, 2019) (reasoning that because the motion was filed before the expiration of the 90-day deadline within which to serve process on the defendant, the court found good cause to extend the plaintiff's deadline to effectuate service of a new summons and the amended complaint); *Saunders v. First Magnus Fin. Corp.*, No. 16-cv-222-JL, 2016 U.S.

Dist. LEXIS 110819, at *2 (D.N.H. 2016) (granting extension of the service deadline because the plaintiffs demonstrated their efforts in effecting service to the many defendants located around the county).

Plaintiffs Complaint was filed on May 15, 2026. The current deadline for Plaintiff to make service on all Defendants in which service was not waived is August 15, 2026. In the Complaint, Plaintiffs named 58 Defendants, 12 of which the first names of the Defendants are unknown. The factual foundation of the Complaint stems from the treatment Plaintiffs received while incarcerated at Maine Youth Center. It was the policy and practice for the children to call Maine Youth Center employees by their last names. As a result, Plaintiff does not know many of the Defendant's first names. However, diligent efforts are being made to identify and locate all Defendants in which waiver of service was not given. A private investigator was hired to assist with this and continues to work on finding and locating each Defendant. Plaintiff believes some Defendants to be living outside of Maine, for example; one is believed to now reside in New Hampshire. Given the significant barriers in identifying and subsequently locating each named Defendant, Plaintiff requests an extension to allow for service.

In addition, in the past the Attorney General's Office has acted as counsel for many defendants in similar cases. Assistant Attorney General (AAG) Alexander Beals represented shortly after the filing of the case that he would be acting as counsel on behalf of an unknown number of defendants. To date, AAG Beals has been unable to complete contact with the individuals he anticipates representing. He has also indicated that, as in the past, he would seek permission to accept service on behalf of the defendants he will be representing. In the past the AAG's office represented the vast majority of defendants in cases such as the one at bar. Upon speaking with AAG Beals, I have been advised that he has located the addresses of certain

defendants previously represented by the Office of the Attorney General, but that no longer work for the state and will attempt to contact them in the next couple of weeks. The information possessed by the AAG's office is very difficult to obtain absent from their cooperation, which undersigned appreciates.

Due to the difficulties inherent in this matter, undersigned submits that due cause has been shown to extend the service deadline for an additional 90-day period.

AAG Alexander Beals consents to this motion.

WHEREFORE, Plaintiff respectfully requests that the Court ender an order extending the deadline by 90 days to allow time to make service on Defendants.

Dated the 11th day of August, 2026, in Portland, Maine.

Respectfully submitted,

*/s/ Thomas F. Hallett*

Thomas F. Hallett
*Attorney for Plaintiffs*
HALLETT WHIPPLE WEYRENS
6 City Center, Suite 208
P.O. Box 7508
Portland, Maine 04112-7508
PH: 207-775-4255
*thallett@hww.law*

## CERTIFICATE OF SERVICE

I, Thomas F. Hallett, Esq., certify that on August 11, 2026, I electronically filed the foregoing **PLAINTIFF'S MOTION TO EXTEND TIME LIMIT FOR SERVICE** with the Clerk of Court using CM/ECF system which will send notification of such filing to counsel of record.

Dated August 11, 2026, in Portland, Maine.

Respectfully submitted,

*/s/ Thomas F. Hallett*


Thomas F. Hallett
*Attorney for Plaintiff*
HALLETT WHIPPLE WEYRENS
6 City Center, Suite 208
P.O. Box 7508
Portland, Maine 04112-7508
PH: 207-775-4255
*thallett@hww.law*